**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**

| | |
|---|---|
| GABRIELLA RAGO, On Behalf of Herself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>NICHOLAS FINANCIAL, INC., PETER L. VOSOTAS, STEPHEN BRAGIN, RALPH T. FINKENBRINK, SCOTT FINK, ALTON R. NEAL, PROSPECT CAPITAL CORPORATION, WATERSHED ACQUISITION LP, 0988007 B.C. UNLIMITED LIABILITY COMPANY, and WATERSHED OPERATING LLC,<br><br>Defendants. | Case No. ____________<br><br>**CLASS ACTION COMPLAINT**<br><br>Jury Trial Demanded |

Plaintiff Gabriella Rago ("Plaintiff"), on behalf of herself and all others similarly situated, by her attorneys, alleges the following upon information and belief, except to those allegations pertaining to Plaintiff which are alleged upon personal knowledge as follows:

## SUMMARY OF THE ACTION

1. This is a shareholder class action brought by Plaintiff on behalf of holders of the common stock of Nicholas Financial, Inc. ("Nicholas Financial" or the "Company") to enjoin the acquisition of the publicly owned shares of Nicholas Financial common stock by Prospect Capital Corporation ("Prospect Capital"), through its wholly-owned subsidiaries 0988007 B.C. Unlimited Liability Company ("Purchaser"), Watershed Acquisition LP ("USCo"), and Watershed Operating LLC ("US New Opco"), for inadequate consideration as detailed herein (the "Proposed Transaction").

2. On December 18, 2013, Nicholas Financial announced that it had entered into an Arrangement Agreement (the "Arrangement Agreement"), pursuant to which each Nicholas

Financial shareholder will be entitled to receive for each Company share they currently own the number of common shares of Prospect Capital determined by dividing $16.00 by the volume-weighted average price ("VWAP") of Prospect Capital common stock for the twenty (20) trading days prior to and ending on the trading day immediately preceding the effective time of the Proposed Transaction. Additionally, each option to acquire Nicholas Financial outstanding immediately prior to the effective time of the Proposed Transaction will be cancelled or transferred by the holder thereof to the Company in exchange for a cash amount equal to the amount by which the product obtained by multiplying the number of common shares of the Company underlying such option by $16.00 exceeds the aggregate exercise price payable under such option. The Proposed Transaction is valued at approximately $326 million.

3. In facilitating this acquisition of Nicholas Financial for inadequate consideration and through a flawed sales process, each of the Defendants, as defined herein, breached and/or aided the other Defendants' breaches of their fiduciary duties of loyalty, due care, diligence, good faith, fair dealing, and independence. Indeed, the Proposed Transaction price inadequately recognizes Nicholas Financial's current financial condition and growth potential, including the fact that the Company's stock price traded at $17.20 as recently as October 25, 2013.

4. Further demonstrating the conflicting nature of the Proposed Transaction, three officers of the Company have entered into employment or consulting arrangements to continue with the merged entity, thereby serving their own financial interests in contravention to the interests of Nicholas Financial shareholders.

5. The Individual Defendants have also exacerbated their breaches of fiduciary duties by agreeing to lock up the Proposed Transaction with deal protection devices that preclude other bidders from making successful competing offers for the Company. Specifically, Nicholas

Financial's board of directors (the "Board") agreed to: (i) a no-solicitation provision that requires the Company to terminate any ongoing discussions with other potential acquirers and from pursuing any alternative to the Proposed Transaction; (ii) an "information rights" provision requiring Nicholas Financial to disclose to Prospect Capital the identity of any competing bidder for the Company; (iii) a "matching rights" provision that provides Prospect Capital with ten (10) business days to match any competing proposal in the unlikely event that one emerges; and (iv) a provision that requires the Company to pay Prospect Capital a termination fee of $6 million in the event the Board decides to accept a superior proposal for the benefit of the Company's shareholders. These provisions conjunctively and improperly restrain the Board's ability to appropriately act to investigate and pursue superior proposals and alternatives to the Proposed Transaction.

6. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants (defined below) from taking any steps to consummate the Proposed Transaction or, in the event the Proposed Transaction is consummated, recover damages resulting from the Individual Defendants' (defined below) violations of their fiduciary duties of loyalty, good faith, and due care.

## THE PARTIES

7. Plaintiff, a citizen of Rome, Italy, is, and at all relevant times was, a shareholder of Nicholas Financial common stock.

8. Defendant Nicholas Financial is a Canadian corporation with its principal executive offices located at 2454 McMullen Booth Road, Building C, Clearwater, Florida 33759. Nicholas Financial provides direct consumer loans and purchases installment sales contracts from automobile dealers for used cars and light trucks. The Company's stock is traded on the NASDAQ Stock Market under the ticker symbol "NICK."

9. Defendant Peter L. Vosotas ("Vosotas") is the Chairman of the Board, and is the Chief Executive Officer and President of the Company.

10. Defendant Stephen Bragin ("Bragin") is a member of the Board and is also a member of the Audit and Compensation Committees.

11. Defendant Ralph T. Finkenbrink ("Finkenbrink") is a member of the Board, and is the Chief Financial Officer and Corporate Secretary of the Company.

12. Defendant Scott Fink ("Fink") is a member of the Board and is also a member of the Audit and Compensation Committees.

13. Defendant Alton R. Neal ("Neal") is a member of the Board and is also a member of the Audit and Compensation Committees.

14. Defendants Vosotas, Bragin, Finkenbrink, Fink, and Neal are referred to herein as the "Individual Defendants."

15. Each of the Individual Defendants herein is sued individually, and as an aider and abettor, as well as in his capacity as an officer and/or director of the Company, and the liability of each arises from the fact that he has engaged in all or part of the unlawful acts, plans, schemes, or transactions complained of herein.

16. Defendant Prospect Capital is a Maryland corporation with its principal executive offices located at 10 East 40th Street, 44th Floor, New York, New York 10016. Prospect Capital is a closed-end investment company that lends to and invests in private and microcap public businesses. Prospect Capital's investment objective is to generate current income and long-term capital appreciation through debt and equity investments. Prospect Capital's common stock trades on the NASDAQ Stock Market under the ticker symbol "PSEC."

17. USCo is a limited partnership existing under the laws of Delaware and is a wholly-owned subsidiary of Prospect Capital.

18. Purchaser is an unlimited liability company existing under the laws of British Columbia, Canada and is a wholly-owned subsidiary of USCo.

19. US New Opco is a limited liability company existing under the laws of Delaware and is an indirect wholly-owned subsidiary of Prospect Capital.

20. Collectively, the Individual Defendants, Nicholas Financial, Prospect Capital, USCo, Purchaser, and US New Opco are referred to herein as the "Defendants."

JURISDICTION AND VENUE

21. The Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. Plaintiff is a citizen of Rome, Italy, and Defendants are all citizens of other states; and the amount in controversy exceeds $75,000.

22. The Court has personal jurisdiction over all of the parities to this lawsuit. Plaintiff submits to the jurisdiction of this Court, and Defendants are all either citizens of Florida or have purposefully availed themselves of the benefits and protections offered by the forum state.

23. Venue is properly situated in this District. Nicholas Financial is headquartered in Clearwater, Florida, and many of the facts and circumstances giving rise to this action took place in this District.

THE FIDUCIARY DUTIES OF THE INDIVIDUAL DEFENDANTS

24. By reason of the Individual Defendants' positions with the Company as officers and/or directors, said individuals are in a fiduciary relationship with Plaintiff and the other shareholders of Nicholas Financial and owe Plaintiff and the other members of the Class, as defined herein, the duties of good faith, due care, fair dealing, and loyalty.

25. By virtue of their positions as directors and/or officers of Nicholas Financial, the Individual Defendants, at all relevant times, had the power to control and influence, and did control and influence and cause, Nicholas Financial to engage in the practices complained of herein.

26. Each of the Individual Defendants is required to act in good faith, in the best interests of the Company's shareholders, and with due care. To diligently comply with these duties, the directors of a corporation may not take any action that:

a. Adversely affects the value provided to the corporation's shareholders;

b. Contractually prohibits them from complying with or carrying out their fiduciary duties;

c. Discourages or inhibits alternative offers to purchase control of the corporation or its assets;

d. Will otherwise adversely affect their duty to search for and secure the best value reasonably available under the circumstances for the corporation's shareholders; or

e. Will provide the directors and/or officers with preferential treatment at the expense of, or separate from, the public shareholders.

27. Plaintiff alleges herein that the Individual Defendants, separately and together, in connection with the Proposed Transaction, violated duties owed to Plaintiff and the other shareholders of Nicholas Financial, including their duties of loyalty, due care, good faith, and independence, insofar as they, *inter alia*, engaged in self-dealing and obtained for themselves personal benefits, including personal financial benefits, not shared equally by Plaintiff or the other shareholders of Nicholas Financial common stock.

## CLASS REPRESENTATION ALLEGATIONS

28. Plaintiff brings this action on her own behalf and as a class action pursuant to the Federal Rules of Civil Procedure 23 and on behalf of all holders of Nicholas Financial common stock who are being and will be harmed by Defendants' actions described below (the "Class"). Excluded from the Class are Defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any of the Defendants.

29. This action is properly maintainable as a class action because:

a. The Class is so numerous that joinder of all members is impracticable. While the exact number of members of the Class is unknown to Plaintiff at this time and can be ascertained through appropriate discovery, as of November 1, 2013, there were approximately 12,203,769 shares of Nicholas Financial common stock outstanding. The holders of these shares are believed to be geographically dispersed throughout the United States;

b. There are questions of law and fact which are common to the Class, and which predominate over questions affecting any individual Class member. The common questions include, *inter alia*, the following:

i. Whether the Individual Defendants have breached their fiduciary duties with respect to Plaintiff and the other members of the Class in connection with the Proposed Transaction;

ii. Whether the Proposed Transaction provided the best price reasonably available for Nicholas Financial's common stock;

iii. Whether the Individual Defendants have breached any of their fiduciary duties to Plaintiff and to the other members of the Class in connection with the Proposed Transaction, including the duties of good faith, due care, diligence, and fair dealing;

iv. Whether the Individual Defendants, in bad faith and for improper motive, have impeded or erected barriers to discourage other offers for the Company or its assets; and

v. Whether Plaintiff and the other members of the Class would suffer irreparable injury were the Proposed Transaction consummated.

c. Plaintiff is an adequate representative of the Class, has retained competent counsel experienced in litigation of this nature, and will fairly and adequately protect the interests of the Class;

d. Plaintiff's claims are typical of the claims of the other members of the Class and Plaintiff does not have any interests adverse to the Class;

e. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for the party opposing the Class; and

f. Defendants have acted on grounds generally applicable to the Class with respect to the matters complained of herein, thereby making appropriate the relief sought herein with respect to the Class as a whole.

## SUBSTANTIVE ALLEGATIONS

### A. Background

30. Nicholas Financial, through its subsidiaries, operates as a specialized consumer finance company in the United States. The Company primarily engages in acquiring and servicing contracts for purchases of new and used automobiles, as well as makes direct loans and sells consumer finance related products. The Company also engages in supporting and updating industry specific computer application software for small businesses. Founded in 1986, Nicholas Financial's automobile finance programs are conducted through a total of 64 branch offices.

31. Rather than allow Nicholas Financial's common stock to trade freely and permit its public shareholders to share in the benefits of the Company's improving growth prospects, the

Individual Defendants have acted for the benefit of Prospect Capital, and to the detriment of the Company's public shareholders, by entering into the Proposed Transaction. In so doing, the Individual Defendants have agreed to a transaction that places a cap on Nicholas Financial's corporate value at a time when the Company is primed for substantial future growth. Indeed, as reflected in the chart below, from March 12, 2013 to October 22, 2013, Nicholas Financial's stock price rose from $12.64 to a close of $17.20 on October 25, 2013.

**Nicholas Financial, Inc.: NASDAQ**




32. On March 20, 2013, Nicholas Financial announced that it had retained a financial advisor to assist in evaluating strategic alternatives. The relevant press release stated the following:

> **March 20, 2013**—Clearwater, Florida—Nicholas Financial, Inc. (NASDAQ: NICK) announced today that the Board of Directors of the Company has retained Janney Montgomery Scott LLC as its independent financial advisor to assist the Board of Directors in evaluating possible strategic alternatives for the Company, including, but not limited to, the possible sale of the Company or certain of its assets, potential acquisition and expansion opportunities, and/or a possible debt or equity financing.

> The Company also announced today that it has received an unsolicited, non-binding indication of interest from a potential third-party acquirer. The Company cautions its shareholders and others considering trading in its securities that its Board of Directors only recently received the indication of interest, and that the process of considering this proposal as well as other possible strategic alternatives for the Company is only in its beginning stages. The Board of Directors will proceed in an orderly and timely manner to consider possible strategic alternatives for the Company and their implications. Accordingly, no assurances can be given as to whether any particular strategic alternative for the Company will be recommended or undertaken or, if so, upon what terms and conditions. The Company currently does not intend to make any further public announcements regarding its Board of Directors' review of possible strategic alternatives until this evaluation process has been completed.

**B. The Proposed Transaction**

33. On December 18, 2013, Nicholas Financial issued a press release announcing the Proposed Transaction, which stated:

> **December 18, 2013—**Clearwater, Florida—Nicholas Financial, Inc. (the "Company") (NASDAQ: NICK) announced today that it has signed an arrangement agreement dated December 17, 2013 (the "Arrangement Agreement") whereby the Company has agreed to sell all of its issued and outstanding Common Shares to an indirect wholly-owned subsidiary of Prospect Capital Corporation ("Prospect"), pursuant to a plan of arrangement (the "Arrangement") under the Business Corporations Act (British Columbia).
>
> Prospect (NASDAQ: PSEC) (www.prospectstreet.com) is a closed-end investment company that lends to and invests in private and public middle market businesses. Prospect's investment objective is to generate both current income and long-term capital appreciation through debt and equity investments.
>
> Prospect has elected to be treated as a business development company under the Investment Company Act of 1940 ("1940 Act"). Prospect is required to comply with a series of regulatory requirements under the 1940 Act as well as applicable NASDAQ, federal and state rules and regulations. Prospect has elected to be treated as a regulated investment company under the Internal Revenue Code of 1986. Failure to comply with any of the laws and regulations that apply to Prospect could have an adverse effect on Prospect and its shareholders.
>
> Pursuant to the terms of the Arrangement, the Company's shareholders are to receive (subject to applicable dissenter's rights under the Business Corporation Act (British Columbia)), in exchange for each Common Share of the Company held immediately prior to the effective time of the Arrangement, the number of shares of common stock of Prospect (or fraction thereof) determined by dividing US $16.00 by the volume-weighted average price, or VWAP, of Prospect

> common stock for the twenty (20) trading days prior to and ending on the trading day immediately preceding the effective time of the Arrangement. In addition, each option to acquire Common Shares of the Company outstanding immediately prior to the effective time of the Arrangement will be cancelled or transferred by the holder thereof to the Company (subject to applicable dissenters' rights under the Business Corporations Act (British Columbia)) in exchange for a cash amount equal to the amount by which (i) the product obtained by multiplying (x) the number of Common Shares of the Company underlying such option by (y) US $16.00 exceeds (ii) the aggregate exercise price payable under such option.
>
> The transactions contemplated by the Arrangement Agreement will not be consummated unless certain conditions typical for this type of transaction are either satisfied or waived prior to closing. These conditions include, among other things, that the Arrangement Agreement and the transactions contemplated thereby are approved by the securityholders of the Company in accordance with the Business Corporations Act (British Columbia) and the Company's Articles. An information circular providing further information regarding the Arrangement Agreement and the parties thereto will be mailed to securityholders of the Company in advance of the special meeting thereof expected to be held for the purpose of approving, among other things, the Arrangement Agreement and the Arrangement contemplated thereby.
>
> Janney Montgomery Scott LLC is acting as the exclusive financial adviser to the Company and rendered a fairness opinion regarding the transaction to its Board of Directors.

34. Commenting on the Proposed Transaction, Grier Eliasek, President of Prospect Capital, stated that "[w]ith its significant borrower diversity, prudent third-party leverage, secured lending orientation, long operating history, consistent financial performance, steady growth, and expected tax efficiency, Nicholas [Financial] represents a compelling portfolio company investment opportunity."

**C. The Unfair Share Price**

35. The Individual Defendants' fiduciary duties require them to act honestly and fairly when entering into a change-in-control transaction. Here, the consideration offered to Nicholas Financial's public shareholders in the Proposed Transaction is unfair and inadequate because, amount other things, the intrinsic value of Nicholas Financial's common stock is materially in excess of the amount offered. As a result, the Individual Defendants have breached

the fiduciary duties they owe to the Company's public shareholders because those shareholders will not receive adequate or fair value for their Company common stock in the Proposed Transaction.

**D. The Unreasonable Deal Protection Devices**

36. On December 18, 2013, the Company announced that it had entered into the Arrangement Agreement with Prospect Capital. As part of the Arrangement Agreement, the Individual Defendants agreed to certain deal protection devices that operate to ensure that no competing offers will emerge for the Company.

37. The Arrangement Agreement contains a strict "no shop" provision prohibiting the members of the Board from taking any affirmative action to comply with their fiduciary duties to act honestly and fairly, including soliciting alternative acquisition proposals or business combinations.

38. Specifically, Section 4.2 of the Arrangement Agreement includes a "no solicitation" provision precluding the Company from soliciting interest from other potential acquirers to procure a price in excess of the amount offered by Prospect Capital. Section 4.2(b) provides, in pertinent part, that neither the Company nor the Individual Defendants shall "make, solicit, initiate, encourage, entertain, promote, facilitate or assist the making of, including by way of furnishing any information, any proposal that constitutes or would reasonably be expected to lead to an Acquisition Proposal."

39. Similarly, Section 4.2(e) of the Arrangement Agreement requires that if the Company and the Board receives an Acquisition Proposal, as defined in the Arrangement Agreement, the Company is required to promptly notify Prospect Capital within forty-eight (48) hours after becoming aware of such Acquisition Proposal. The Company is required to notify Prospect Capital of the bidder's identity and the principal terms of the bidder's offer. Thereafter,

if the Board determines that the competing Acquisition Proposal constitutes a "Superior Proposal" (also defined in the Arrangement Agreement), Section 4.3 requires the Board to grant Prospect Capital ten (10) calendar days to amend the terms of the Arrangement Agreement to make a counter-offer that the Company must consider in determining whether the competing bid still constitutes a "Superior Proposal."

40. The effect of these provisions is to prevent the Board from entering discussions or negotiations with other potential purchasers unless the Board can first determine that the competing acquisition proposed is, in fact, "superior," and even then, the Company must give Prospect Capital ten (10) calendar days to match the competing acquisition proposal. Consequently, this provision prevents the Board from exercising its fiduciary duties and precludes any real opportunity for a potential purchaser to emerge.

41. Further locking up control of the Company in favor of Prospect Capital is Section 7.2 of the Arrangement Agreement, which requires the Company to pay a termination fee of $6 million to Prospect Capital if the Individual Defendants cause the Company to terminate the Arrangement Agreement pursuant to the lawful exercise of their fiduciary duties. This term of the Arrangement Agreement essentially requires that the alternative bidder agree to pay a naked premium for the right to provide Nicholas Financial shareholders with a superior offer, if that superior offer is ultimately accepted by the Board.

42. Ultimately, these deal protection devices restrain the Company's ability to solicit or engage in negotiations with any third party regarding a proposal to acquire all or a significant interest in the Company. The circumstances under which the Board may respond to an unsolicited alternative acquisition proposal that constitutes, or would reasonably be expected to constitute, a Superior Proposal are too narrowly circumscribed to provide an effective "fiduciary

out" under the circumstances. Likewise, these provisions will foreclose the new bidder from providing the needed market check of Prospect Capital's inadequate offer.

43. Accordingly, Plaintiff seeks injunctive and other equitable relief to prevent the irreparable injury that Company shareholders will continue to suffer absent judicial intervention.

## FIRST CAUSE OF ACTION

**On Behalf of Plaintiff and the Class for Breach of Fiduciary Duties Against the Individual Defendants**

44. Plaintiff incorporates by reference and realleges allegations 1 through 43 above, as though fully set forth herein.

45. The Individual Defendants have violated fiduciary duties of care, loyalty, and good faith owed to public shareholders of Nicholas Financial.

46. By the acts, transactions, and courses of conduct alleged herein, the Individual Defendants, individually and acting as a part of a common plan, are attempting to unfairly deprive Plaintiff and other members of the Class of the true value of their investment in Nicholas Financial.

47. As demonstrated by the allegations above, the Individual Defendants failed to exercise the care required, and breached their duties of loyalty, good faith, and independence owed to the shareholders of Nicholas Financial because, among other reasons, they failed to take steps to obtain and/or ensure adequate value of Nicholas Financial to its public shareholders.

48. By reason of the foregoing acts, practices, and course of conduct, the Individual Defendants have failed to exercise ordinary care and diligence in the exercise of their fiduciary obligations toward Plaintiff and the other members of the Class.

49. As a result of the actions of the Individual Defendants, Plaintiff and the Class will suffer irreparable injury in that they have not and will not receive their fair portion of the value

of Nicholas Financial's assets and businesses and have been and will be prevented from obtaining a fair price for their common stock.

50. Unless the Individual Defendants are enjoined by the Court, they will continue to breach their fiduciary duties owed to Plaintiff and the members of the Class, all to the irreparable harm of the members of the Class.

51. Plaintiff and the members of the Class have no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff and the Class be fully protected from the immediate and irreparable injury which the Individual Defendants' actions threaten to inflict.

## SECOND CAUSE OF ACTION

### On Behalf of Plaintiff and the Class Against Nicholas Financial, Prospect Capital, Purchaser, USCo, and US New Opco for Aiding And Abetting the Individual Defendants' Breaches of Fiduciary Duty

52. Plaintiff incorporates by reference and realleges allegations 1 through 43 above, as though fully set forth herein.

53. Nicholas Financial, Prospect Capital, Purchaser, USCo, and US New Opco have acted and are acting with knowledge of, or with reckless disregard to, the fact that the Individual Defendants are in breach of their fiduciary duties to Nicholas Financial's public shareholders, and have participated in such breaches of fiduciary duties.

54. Nicholas Financial, Prospect Capital, Purchaser, USCo, and US New Opco knowingly aided and abetted the Individual Defendants' wrongdoing alleged herein. In so doing, Nicholas Financial, Prospect Capital, Purchaser, USCo, and US New Opco rendered substantial assistance to effectuate the Individual Defendants' plan to consummate the Proposed Transaction in breach of their fiduciary duties.

55. Plaintiff has no adequate remedy at law.

## PRAYERS FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment and preliminary and permanent injunctive relief, in her favor and in favor of the Class, and against Defendants as follows:

A. Certifying this case as a Class Action, certifying Plaintiff as Class Representative, and her counsel as Class Counsel;

B. Permanently enjoining the Defendants and all those acting in concert with them from consummating the Proposed Transaction;

C. To the extent that the Proposed Transaction is consummated before this Court's entry of final judgment, rescinding it and setting it aside or awarding rescissionary damages;

D. Enjoining Defendants, their agents, counsel, employees, and all persons acting in concert with them from consummating the Proposed Transaction, unless and until the Company adopts and implements a procedure or process to obtain an arrangement agreement providing the best possible terms for shareholders;

E. Directing the Defendants to account to Plaintiff and the Class for all damages suffered by them as a result of the Defendants' wrongful conduct alleged herein;

F. Awarding Plaintiff the costs, expenses, and disbursements of this action, including any attorneys' and experts' fees and expenses and, if applicable, pre-judgment and post judgment interest; and

G. Awarding Plaintiff and the Class such other relief as this Court deems just, equitable, and proper.

/./.

/./.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues triable of right by jury.

Dated: December 30, 2013

Respectfully submitted,

**MCINTYRE, PANZARELLA, THANASIDES, BRINGGOLD & TODD, P.A.**

By: *__/s/ Paul B. Thanasides__*
Paul B. Thanasides
FBN: 103039

501 East Kennedy Boulevard
Suite 1900
Tampa, FL 33602
Tel: 813-990-0662
Fax: 954-899-6069

**OF COUNSEL:**

**FARUQI & FARUQI, LLP**
Juan Monteverde
369 Lexington Avenue, 10th Fl.
New York, NY10017
Tel.: (212) 983-9330
Fax: (212) 983-9331